UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY JOHNSON,

                Petitioner,                        Crim. No. 03-CR-80758-1

vs.                                             Civ.  No. 08-CV-14474-DT
                                                    Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

                Respondent.

_____/

OPINION AND ORDER DENYING PETITIONER'S MOTION UNDER
28 U.S.C.§ 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE

          At a session of said Court, held in
          the U.S. Courthouse, Detroit, Michigan
          on       October 8, 2009

          PRESENT:  Honorable Gerald E. Rosen
                               Chief Judge, United States District Court

## I. INTRODUCTION

This matter is presently before the Court on Petitioner Gregory Johnson's § 2255 Motion to Vacate, Set Aside or Correct Judgment. The Government has responded to Johnson's Motion. Having reviewed and considered Petitioner's brief and the Government's response thereto, and having reviewed the entire record of this matter, the Court finds that a hearing is unnecessary. Therefore, in accordance with Rule 8 of the Rules Governing Section 2255 Proceedings and Local Rule 7.1(e)(2), Petitioner's motion will be decided "on the briefs".

## II. BACKGROUND

Petitioner Gregory Johnson was charged in a five-count Third Superseding Indictment with two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and three counts of witness tampering, in violation of 18 U.S.C. § 1512(b)(1) and (i).  The bank robbery charges stemmed from two bank robberies, one which occurred on June 13, 2003 in Monroe, Michigan, and the second one on July 16, 2003 in Ann Arbor, Michigan. Petitioner Johnson masterminded the two robberies and executed them along with four co-defendants, William Askew, Christine Mayhue, Leon Walters and Phillip Calloway. The witness tampering charges stem from Johnson's attempts in January, June and October 2004, to persuade co-defendant William Askew who was cooperating with the Government to withhold testimony at trial.

After a six-day jury trial held February 22 through March 2, 2005 during which co-defendants Askew, Mayhue and Calloway and various eyewitnesses to the bank robberies all testified, Johnson was convicted on all five counts.  He was subsequently sentenced to 240 months' imprisonment on  the bank robbery charges and a consecutive 22-month term of imprisonment on the witness tampering charges.

Johnson appealed his conviction to the Sixth Circuit Court of Appeals.  The appellate court affirmed Johnson's conviction on July 2, 2007.  Johnson subsequently filed a petition for a writ of *certiorari* with the United States Supreme Court.  That petition was denied on November 5, 2007.  Johnson thereafter timely filed the instant Motion to Vacate, Set Aside, or Correct Judgment on October 20, 2008.  In this Motion, Johnson raises ineffective assistance of trial counsel as grounds for vacating his

conviction and sentence.

### III.  DISCUSSION

A.  PETITIONER HAS NOT DEMONSTRATED THAT HE WAS
    AFFORDED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

To show that he was denied the effective assistance of counsel under federal constitutional standards, Petitioner Johnson must satisfy a two-prong test. This two-pronged test was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*. However, "[t]here is no reason for a court deciding an ineffective assistance claim. . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice. . . that course should be followed." *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id*. at 690. A reviewing court's scrutiny of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered

adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997), *cert. denied*, 523 U.S. 1088 (1998). The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir.1999). "Strategic choices made after investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. As a consequence, "[a] strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001). With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695.

The Sixth Circuit has emphasized, however, that a criminal defendant "is not entitled to the most canny lawyer available, only an adequate one." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). But simply alleging that an attorney was inadequate is not enough to warrant relief. "[T]he threshold issue is not whether [Petitioner's] attorney was inadequate; rather it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probably victory." *Id.* at 229

(emphasis in original). In other words, "[c]ounsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *Id.* Petitioner Johnson has failed to make this showing.

Johnson makes numerous allegations about the performance of his attorney, William Daniel, that are not supported with proofs, are false and/or inconsequential. He alleges, without any support, that Daniel was handling more than 700 cases in the year of his trial., i.e., more than twice the maximum 150 to 200 case per year recommended by the American Bar Association. Johnson thus alleges that Daniel did not have the time to properly prepare for trial, and that his opening statement and "weak" cross-examinations of the cooperating witnesses revealed the lack of preparation. However, Johnson does not articulate how more preparation or stronger cross-examinations would have affected the outcome of the trial. In any event, "[d]ecisions about whether to engage in cross-examination, and if so to what extent and in what manner, are strategic in nature and generally will not support an ineffective assistance claim." *Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir .2002) (inner quotation omitted). *See also United States v. Steele*, 727 F.2d 580, 591 (6th Cir.1984) (holding that cross-examination falls "within the area of trial tactics and strategy that should not be subjected to second guessing and hindsight" by the court); *Davie v. Mitchell*, 291 F. Supp. 2d 573, 604 (N.D. Ohio 2003) (holding same).

Johnson also contends that Daniel did not adequately assess the potential jurors

and failed to recognize the Government's alleged improper antics when exercising peremptory challenges of potential jurors, but he does not explain how the juror assessments were inadequate or how the peremptory challenges were improper. Further, Johnson alleges that Daniel failed to secure a defense witness to provide testimony that Johnson was in California at the time of the robberies, but fails completely to set forth any evidence to support this new alibi.

Additionally, according to Johnson, the stolen bank proceeds were not really F.D.I.C. insured, but Daniel failed to address that jurisdictional issue. However, during trial, certified copies of F.D.I.C. certificates were admitted into evidence, proving that the proceeds from the banks at issue were F.D.I.C. insured. Johnson claims that Daniel should have objected to the admission of those certificates, but such certified copies of public records were self-authenticating. *See* Fed. R. Evid. 902(4). Therefore, it would have been frivolous for defense counsel to object to their admission. Daniel is also faulted with not sufficiently cross-examining bank teller witnesses, even though they never directly implicated Johnson. Johnson also argues that Daniel should have challenged the admissibility of the certified copy of the Michigan Secretary of State record, even though that document was certified and implicated only co-defendant Leon Walters, not Johnson.

In sum, none of these purported shortcomings of Petitioner's attorney were so serious to deprive Johnson of a fair trial. Daniel was clearly not "so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *Morrow, supra*.

### B. JOHNSON'S ARGUMENTS PERTAINING TO THE LENGTH OF HIS SENTENCE ARE WITHOUT MERIT

Johnson argues that his 262 month sentence violated the Eighth Amendment's proscription against cruel and unusual punishment. However, Johnson did not challenge the constitutionality of his sentence on appeal. A § 2255 proceeding is not a substitute for a direct appeal. *See United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 2240 (1979). Accordingly, claims not raised on direct appeal generally may not be raised on collateral review. *See Massaro v. United States*, 538 U.S. 500, 503, 123 S.Ct. 1690, 1693 (2003). If any issue could have been raised on direct appeal, the failure to raise it therein constitutes a procedural default and precludes review in a § 2255 proceeding unless the petitioner can demonstrate both "cause" for the procedural default and actual "prejudice," or that he is "actually innocent."' *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604 (1998); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643-2644 (1986); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982). The "hurdle" a petitioner faces in excusing his procedural default is "intentionally high. . . , for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Peveler v. United States*, 269 F.3d 693, 699-700 (6th Cir. 2001) (quoting *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir.2000)). Petitioner Johnson has not even attempted a "cause and prejudice" or actual innocence showing here. Therefore, to the extent that he is claiming that his sentence violated the Eighth Amendment, this claim will be denied.

Moreover, to the extent that Johnson argues that his attorney was ineffective for failing to raise an Eighth Amendment challenge, he is wrong. Defendant's statutory maximum sentence was 100 years (20 years per count). *See* P.S.I., p.1. Since Johnson's sentence is within the statutory limitations, it is not violative of the Eighth Amendment. *See United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994) ("Generally, a sentence within statutory limitations does not violate the Eighth Amendment.") Furthermore, unless a sentence is for life imprisonment without parole or death, federal courts do not engage in Eighth Amendment proportionality anlysis. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also United States v. Hughes*, 901 F.2d 830, 832-33 (10th Cir. 1990) (upholding 262-month career offender sentence against an Eighth Amendment challenge).

Johnson also argues that Attorney Daniel failed to advise him that he was subject to a career offender sentence under § 4B1.1 of the Sentencing Guidelines and that Daniel should have challenged the judicial fact finding of his criminal history. As the Government notes, however, the premise of Johnson's claim that he was prejudiced by Daniel's failure in this regard is critically flawed. Johnson argues that, had he been informed that he was a career offender, he would have pled guilty to 10 years in prison. However, had Johnson pled guilty, he would not have evaded the enhancements required by U.S.S.G. § 4B1.1. Johnson's criminal history included a 1987 conviction for armed robbery and a 1998 conviction on five counts of bank robbery. Both of those convictions were for crimes of violence as defined by U.S.S.G. § 4B1.2(a). *See* P.S.I. at ¶¶ 49; 55-57;

60-61. Because the bank robberies at issue in the indictment were also crimes of violence, the enhancements of § 4B1.1 applied and they would have applied even if Johnson had pled guilty.[1] *See United States v. Williams*, 411 F.3d 675, 678 (6th Cir. 2005).

Nor was the Court's imposition of a sentence consistent with § 4B1.1 a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Court held, "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added). The Supreme Court explicitly reaffirmed this rule in *United States v. Booker*, 543 U.S. 220, 244 (2005) and the Sixth Circuit has consistently applied it. *See United States v. Barnett*, 398 F.3d 516, 524 (6th Cir.2005) (finding that "there is no language in *Booker* suggesting that the Supreme Court, as part of its remedial scheme adopted in that case, intended to alter the exception to *Apprendi* allowing district courts to consider the fact and nature of prior convictions without submitting those issues to the jury"); *see also United States v. Beasley*, 442 F.3d 386, 391 (6th Cir.2006) ("[W]e have held that a district court does not violate the Sixth Amendment by determining the fact and nature of a defendant's prior convictions and using these findings to impose an increased sentence. . . ."); *United States*

---

[1] The Government could have recommended a reduced sentence if Johnson had provided substantial assistance. However, Johnson did not cooperate. Quite the contrary, he attempted to obstruct justice.

*v. Poole*, 407 F.3d 767, 777 (6th Cir.2005).

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Petitioner Gregory Johnson's § 2255 Motion to Vacate, Set Aside or Correct his Sentence be, and hereby is, DENIED.


                                      s/Gerald E. Rosen
                                      Chief Judge, United States District Court

Dated:  October 8, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on     October 8, 2009    , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                   Elizabeth A. Stafford                                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
    Gregory Johnson, #15386-075, USP Lewisburg, US Penitentiary, P.O. Box 1000, Lewisburg, PA 17837                                  .

                                      s/Ruth A. Brissaud
                                      Ruth A. Brissaud, Case Manager
                                      (313) 234-5137