UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY JOHNSON,

                      Petitioner,                      No. 03-CR-80758
                                                              Sixth Cir. No. 10-1372

vs.
                                                                Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

                      Respondent.
_____/

## ORDER REGARDING LATE NOTICE OF APPEAL

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on      July 13, 2010

        PRESENT:   Honorable Gerald E. Rosen
                                  United States District Chief Judge

This matter is presently before the Court on the Order of the Sixth Circuit Court of Appeals remanding the case to this Court for the limited purpose of determining whether Petitioner Gregory Johnson's March 22, 2009 "Notice and Request for Service" should be construed as a Fed. R. App. P. 4(a)(6) motion to reopen the appeal period and, if appropriate, for a ruling on that document.

Gregory Johnson was convicted by a jury on charges of bank robbery by force or violence and witness intimidation and was sentenced to consecutive sentences of 240 months and 22 months. The Sixth Circuit affirmed Johnson's conviction and sentence, and his subsequent petition to the Supreme Court for a writ of certiorari was denied. Thereafter, Johnson filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255.

The Court denied the Motion on October 8, 2009. It is the Court's decision on this § 2255 Motion that is the subject of Johnson's present appeal.

Noting the untimeliness of Johnson's Notice of Appeal, the Sixth Circuit issued an Order to Show Cause directing Petitioner to show cause in writing why his appeal should not be dismissed for failure to comply with Fed. R. App. P. 4(a)'s filing deadline.

Petitioner claimed in his "Response to Order to Show Cause" filed in the Sixth Circuit on April 28, 2010 that he never received a copy of the Opinion and Order and Judgment denying his § 2255 Motion and that on some unspecified date he "sent a motion to the district court asking that the Court instruct the clerk to re-issue a new copy of the order and send it to petitioner vial 'Legal Mail open only in the presence of the inmate'" but "[t]he Court did not respond to Petitioner's motion and request for a copy of its order. . . ." [4/28/10 Response to Show Cause, ¶ 1] No such Motion was ever filed with this Court.

What Petitioner did send and what the Court did receive was a "Notice to the Court and Request for Service," which, according to the Certificate of Service, was mailed by Petitioner to the Court on March 1, 2010, and entered on the Court's docket on March 8, 2010. This document requested only that the Court order the Clerk to serve petitioner with a copy of the October 8, 2009 Order. Petitioner further stated in this Notice that "Petitioner *may* wish to Appeal the Order [after] he has read the Court's Opinion and Order once it is received." [3/8/10 Notice and Request, EDMI Dkt. # 199, ¶ 3 (emphasis added).] As indicated in this Notice, Petitioner knew by the time he sent the

Notice and Request for Service that he knew the date of entry of the Opinion and Order (October 8, 2009). But, Petitioner made no request to re-open the appeal period nor any request to "re-issue" the Opinion and Order.

Pursuant to Petitioner's March 8, 2010 Request, the Court immediately mailed copies of the Opinion and Order and Judgment to Petitioner at the address requested. As noted in the Clerk's Docket Remark that date, this address [USP Lewisburg, PA, P.O. Box 1000, Lewisburg, PA 17837] is the same address to which the Court originally served Mr. Johnson with the Opinion and Order in October 2009. [See EDMI Docket sheet, 3/10/10 Remark of Deputy Clerk Ruth Gunther; *see also* Certificate of Service of 10/8/09 Opinion and Order, EDMI Dkt. # 191, p. 10.] It is presumed that it was received at that address because it was not returned to the Court.

On March 22, 2010, Petitioner filed an untimely Notice of Appeal appealing the 10/8/09 Opinion and Order. This Notice of Appeal was not accompanied by any request for an extension of time to file the Notice of Appeal or any motion to re-open the appeal period to allow for his tardy filing.[1]

Nonetheless, the Court of Appeals now asks this Court to determine whether the March 22, 2010 Notice of Appeal, together with his March 8, 2010 Request for Service should be construed as a Fed. R. App. P. 4(a)(6) motion to reopen the appeal period, and if so, whether relief pursuant to Rule 4(a)(6) should be granted.

---

[1] Mr. Johnson cannot claim that he did not know there were time limits for filing a Notice of Appeal. The record of this matter shows that Petitioner is obviously aware of appeal deadlines as he personally timely filed his direct appeal of his conviction and sentence, [*See* 7/6/05 Notice of Appeal, EDMI Dkt. # 135].

Fed. R. App. P. 4(a)(6) provides:

**(6) Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)[2] of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Given that Petitioner had several occasions, both in this Court and in the Court of Appeals to request that the time for appeal be re-opened, but never made any such

---

[2] Read in conjunction with Fed. R. Civ. P. 77(d), for purposes of Rule 4(a)(6), a party has "notice" of the entry of a judgment or order once he is served with a copy of the judgment as provided in Fed. R. Civ. P. 5(b). Fed. R. Civ. P. 77(d)provides:

> (d) Serving Notice of an Order or Judgment.
>
> (1) Service. Immediately after entering an order or judgment, the clerk must serve notice of the entry as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. . . .
>
> (2) Time to Appeal Not Affected by Lack of Notice. Lack of notice of the entry does not affect the time for appeal or relieve -- or authorize the court to relieve -- a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a).

request, this Court is not inclined to read a request to re-open into his "Notice and Request for Service" and his subsequent bare "Notice of Appeal" as a Fed. R. App. P. 4(a)(6) motion. Nothing in either of these documents reflects a request for an extension of time to appeal.

Furthermore, though Johnson says that, to date, he never received a copy of this Court's October 8, 2009 decision, this assertion is not borne out by Petitioner's actions as he filed a Notice of Appeal appealing the Court's decision, thus, he obviously had to have read it. Moreover, the clerk's certificates of service show that the Opinion and Judgment were mailed to Petitioner -- both on the date they were entered and immediately upon receiving Petitioner's "Request for Service" -- and that both times, they were mailed to Petitioner's current address. No mail addressed to Petitioner has been returned to the Court as undeliverable, misaddressed, or insufficiently posted.

Under these circumstances, the Court declines to construe the documents filed by Petitioner on March 8 and March 22, 2010, either individually or collectively, as a Fed. R. App. P. 4(a)(6) motion to reopen the appeal period.

                                s/Gerald E. Rosen
                                Chief Judge, United States District Court

Dated: July 13, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 13, 2010, by electronic mail and upon Gregory Johnson, #15386-075, USP Lewisburg, U.S. Penitentiary, P.O. Box 1000, Lewisburg, PA 17837 by ordinary mail.

                                    s/Ruth A. Gunther
                                    Case Manager