UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gregory Johnson,

    Petitioner,

v.                                          Criminal Case No. 03-80758
                                              Civil Case No. 08-14474

United States of America,

                                              Sean F. Cox
    Respondent.                          United States District Court Judge

_____/

## OPINION AND ORDER DENYING PETITIONER'S § 2255 MOTION TO VACATE SENTENCE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner has filed a Motion to Vacate Sentence under 28 U.S.C. § 2255. Because "the motion and the files and records of the case conclusively show" that he is not entitled to relief, the Court will decide this motion without an evidentiary hearing. § 2255(b). For the reasons below, the Court shall deny Petitioner's motion because the advisory Sentencing Guidelines are not subject to constitutional vagueness challenges. The Court also declines to issue a certificate of appealability.

## BACKGROUND

In 2005, a jury convicted Petitioner Gregory Johnson of two counts of bank robbery and three counts of witness tampering. At sentencing, the Court determined that Petitioner was a career offender under U.S.S.G. § 4B1.1 based on his prior Michigan convictions for armed robbery and bank robbery. The Court sentenced Petitioner to 240 months for the bank robbery convictions and 22 months, to be served consecutively to the bank robbery sentences, for the witness tampering convictions (Doc. # 137).

In 2009, the Court denied Petitioner's first Motion to Vacate Sentence (Doc. # 191).

Eight years later, the Sixth Circuit granted Petitioner's motion for a second or successive petition under § 2255 (Doc. # 222). That same day, he filed a successive § 2255 motion based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing that he was no longer a career offender because his prior convictions for bank robbery and armed robbery no longer qualified as "crimes of violence" (Doc. # 223).

The Court held this matter in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) (Doc. # 228). Following that decision, the Court ordered Petitioner to show cause why the Court should not deny his § 2255 motion based on *Beckles* (Doc. # 229). Petitioner has responded, arguing that *Beckles* does not control because he was sentenced before the advisory nature of the career offender provisions of the Guidelines had been clearly established (Doc. # 232). The Government has responded (Doc. # 235).

## ANALYSIS

A prisoner may move the Court to vacate a sentence under § 2255(a) if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" To prevail, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 958 (6th Cir. 2005). A movant alleging non-constitutional error must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Petitioner argues that his prior convictions do not qualify as "crimes of violence" under the residual clause in the career-offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.2(a), because the clause is unconstitutionally vague. This is the precise argument that the Supreme Court rejected in *Beckles*. 137 S. Ct at 890 (holding that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause[.]"). Thus, *Beckles* forecloses Petitioner's challenge to his sentence, which was imposed six months after the Supreme Court rendered the Guidelines advisory in *United States v. Booker*, 543 U.S. 220 (2005).

Attempting to circumvent this, Petitioner argues that his sentence was imposed before "the advisory nature of the Career Offender provisions of the Guidelines were clearly established . . . ." But *Booker* was quite clear that it was remedying the Guidelines' constitutional infirmity by making them advisory. *See id*. at 245 (excising the provision of the statute making the Guidelines mandatory); *id*. at 246 ("The other approach, which we now adopt, would . . . make the Guidelines system advisory . . . ."); *see also Beckles*, 137 S. Ct. at 903 n. 4 (Sotomayor, J., concurring) (noting that *Beckles* left open the question of whether defendants sentenced to terms of imprisonment *before Booker* may raise a vagueness challenge to their sentences). Petitioner cites no authority for his extraordinary proposition that *Booker*'s holding did not actually apply until some amorphous date after his sentence was imposed. Nor is there any indication that his Guidelines range was improperly viewed as mandatory when he was sentenced. Thus, because Petitioner was sentenced under the advisory Guidelines, his vagueness challenge to his sentence is foreclosed by *Beckles*, 137 S. Ct. at 890, and his Motion to Vacate Sentence must be denied.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability must issue before a petitioner may appeal the denial of a

§ 2255 motion. § 2253(c)(1)(B). A certificate of appealability may issue only if the petitioner makes a substantial showing of a denial of a constitutional right. § 2253(c)(2). When the Court has rejected the claim on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Petitioner has not made this showing here and declines to issue a certificate of appealability.

## CONCLUSION AND ORDER

For the reasons above, the Court ORDERS that Petitioner's Motion to Vacate Sentence is DENIED. Additionally, the Court declines to issue a certificate of appealability. Finally, the Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

                                                                                                         s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 7, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2018, by electronic and/or ordinary mail.

                                                                                                          s/Teresa McGovern
Case Manager Generalist