UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY JOHNSON,

    Petitioner/Defendant,

v.                                             Criminal Case No. 03-80758-1

UNITED STATES OF AMERICA,        Sean F. Cox
                                                    United States District Court Judge

    Defendant/Respondent.
_____/

## ORDER TRANSFERRING ECF NO. 271
## TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
## AS SUCCESSIVE § 2255 MOTION

This criminal case against Defendant Gregory Johnson ("Johnson") was originally assigned to the Honorable Gerald Rosen.

In 2005, a jury convicted Johnson of two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and three counts of witness tampering, in violation of 18 U.S.C. § 1512(b)(1) and (i). Judge Rosen sentenced Johnson to a total term of 262 months of imprisonment and ordered him to pay $49,018.00 in restitution.

Johnson filed a direct appeal but the United States Court of Appeals for the Sixth Circuit affirmed his convictions and his sentence. The Supreme Court denied Johnson's petition for a writ of certiorari. *United States v. Walters*, 244 F. App'x 623, 629 (6tth Cir.), *cert. denied*, 552 U.S. 1016 (2007).

In 2008, Johnson filed a § 2255 motion to vacate, asserting several grounds for relief. Judge Rosen denied relief on the merits of Johnson's claims, and the Sixth Circuit dismissed Johnson's appeal as untimely. *Johnson v. United States*, No. 10-1372, slip. op. at 2 (6th Cir.

1

Sept. 23, 2010) (order).

In 2017, following Judge Rosen's retirement, this case was reassigned to the undersigned judge. (*See* 2/1/17 docket entry).

In November of 2017, Johnson filed a *pro se* motion for immediate release, arguing that he had "used [his] exempt 8 digit account to cancel all debts" owed in his criminal case and that he should be released from prison because his debt "ha[d] been paid in full." The following month, he filed a *pro se* submission seeking relief under Federal Rule of Civil Procedure 60(b), arguing that the district court lacked jurisdiction over his criminal case because the properties on which his crimes were committed had not been ceded to the federal government. He also reiterated his argument that he had paid his monetary debt in full. This Court construed those motions as second or successive § 2255 motions and transferred them to the Sixth Circuit.

Thereafter, in an Order issued on August 17, 2018, the Sixth Circuit reviewed Johnson's submissions and declined to authorize a successive § 2255 motion. (*See* ECF No. 267).

Thereafter, Johnson has mailed a number of *pro se* notices, letters, affidavits and other documents to the Clerk's Office. (*See* ECF Nos. 269-310).

Rule 47(a) of the Federal Rules of Criminal Procedure requires that "[a] party applying to the court for an order *must do so by motion*." FED. R. CRIM. P. 47(a) (emphasis added). Because Johnson's submissions were not titled or presented as motions, the Clerk's Office did not docket any of them as motions.

Johnson, however, has recently begun contacting this Court's chambers, demanding a ruling on "his pending motion" and appears to believe that the submission filed as ECF Number 271 is a motion.

Although not titled a motion, the Court will now broadly construe Johnson's *pro se* submission filed as a ECF Number 271 as a motion seeking relief under Rule 60(b).

"A Rule 60(b) motion that attempts 'to add a new ground for relief' is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion." *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). That is the case here.  Thus, this Court must construe Johnson's motion as a successive § 2255 motion. As such, it must be transferred to the Court of Appeals for preapproval of its filing.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); 28 U.S.C. § 1631; *see also Nailor*, 487 F.3d at 1023.

Accordingly, **IT IS ORDERED** that Johnson's motion filed as ECF Number 271 is properly characterized as a successive motion under § 2255.  The Clerk of Court is hereby **DIRECTED** to transfer this motion to the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED**.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated:  November 2, 2023